**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ARTWIDE INTERNATIONAL H.K. LIMITED,<br><br>         *Plaintiff*,<br><br>     -against-<br><br>ANDREW FOSTER and GENESIS 8 HOLDINGS LLC,<br><br>         *Defendants*. | Case No.<br><br><br>**COMPLAINT** |

Plaintiff Artwide International H.K. Limited ("Artwide"), by and through its undersigned attorneys, for its Complaint against Defendants Andrew Foster and Genesis 8 Holdings LLC ("Genesis 8"), states as follows, on knowledge as to itself and on information and belief as to all other matters, which are likely to have evidentiary support after a reasonable opportunity for discovery:

## NATURE OF THE ACTION

1.　Defendants have refused to return almost $200,000 that Plaintiff paid to purchase a Painting in a sale that the parties subsequently cancelled on consent.

2.　Plaintiff has filed this action to recover the money that Defendants effectively have stolen without offering even a hint of an explanation.

## PARTIES, JURISDICTION, AND VENUE

3.　Plaintiff Artwide International H.K. Limited is a company incorporated under the laws of Hong Kong with its principal place of business located in Hong Kong.

4.　Defendant Andrew Foster is an individual residing in Willingboro, New Jersey, and the sole member and employee of Genesis 8.

5.      Defendant Genesis 8 Holdings LLC is a limited-liability company with its principal place of business located in Willingboro, New Jersey.  At all times, Genesis 8 has acted exclusively through, and for the benefit of, Mr. Foster.

6.      Jurisdiction is appropriate in this Court under 28 U.S.C. § 1332(a)(2) because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

7.      The Court has personal jurisdiction over Defendants because they are citizens of New Jersey, have transacted business within New Jersey, and have committed tortious acts within New Jersey that are the subject of this lawsuit.

8.      Venue is appropriate in this District under 28 U.S.C. § 1391(b) because Defendants reside in this District.

## STATEMENT OF FACTS

9.      Artwide is an international art trading platform focused on buying and selling paintings, sculptures, works on paper, prints, and photographs spanning from the 1700s to today.

10.      On or about March 31, 2022, Artwide, on behalf of a third-party buyer, agreed to purchase the Painting for $133,333 from Defendants, who were brokering the sale on behalf of a third-party owner (the "Owner"), as reflected in an invoice of the same date that Genesis 8 issued to Artwide (the "Invoice").

11.      Even though the agreement contained no payment deadline, Defendants falsely represented to Artwide that the Owner was demanding full payment immediately or it would cancel the sale.

12.      Artwide requested a short period of time to arrange for full payment.  In the interim, relying on Defendants' knowing misrepresentations, Artwide advanced $107,500 (the "Advance") to Genesis 8 to secure the deal, after confirming with Defendants that this would satisfy the Owner.

13.    On April 15, 2022, Artwide made the remaining payment, though it inadvertently paid the full purchase price of $133,333, on top of the six-figure advance payment previously made.

14.    Defendants, however, never delivered the Painting to Artwide.

15.    Instead, several weeks later, Defendants sent Artwide a "Non-resell Agreement," demanding that Artwide sign it, or Defendants would not release the Painting.

16.    Defendants had not previously sought to impose any resale restriction as a sale condition.

17.    The post-hoc, unilateral demand was unacceptable to Artwide, who therefore sought to cancel the sale.

18.    Defendants accepted Artwide's cancellation and agreed to a full refund.

19.    The Painting has remained in Defendants' possession and custody at all times.

20.    Defendants have since reimbursed only $50,000 out of the $240,833 they received in connection with the cancelled sale.

21.    Artwide has demanded the immediate reimbursement of the remaining $190,833, but Defendants have refused, necessitating this lawsuit.

## FIRST CAUSE OF ACTION
### CONVERSION

22.    Plaintiff repeats and realleges all foregoing allegations with the same force and effect as if fully set forth herein.

23.    Plaintiff advanced the sum of $107,500 to Defendants for the specific purpose of securing the sale of the Painting.

24.    Plaintiff paid Defendants the additional sum of $133,333 for the specific purpose of purchasing the Painting.

25.    These payments created obligations on Defendants' part to treat the transferred funds in the specified manner or return those funds.

26.    Upon cancelling the sale of the Painting, Defendants became obligated to return those funds.

27.    Defendants have returned only $50,000 of those funds.

28.    Plaintiff has demanded that Defendants return the $190,833 balance of those funds, but Defendants have refused to do so without explanation.

29.    Accordingly, Defendants have exercised unauthorized dominion over the $190,833 balance of those funds to the exclusion of Plaintiff's rights and are liable for conversion.

## SECOND CAUSE OF ACTION
## UNJUST ENRICHMENT

30.    Plaintiff repeats and realleges all foregoing allegations with the same force and effect as if fully set forth herein.

31.    Defendants have been enriched in an amount no less than $190,833 in unreturned funds that they received in connection with the now-cancelled sale of the Painting.

32.    That enrichment has been at Plaintiff's expense.

33.    It is against equity and good conscience to permit Defendants to retain the $190,833 in unreturned funds that they received in connection with the cancelled sale of the Painting, where Defendants agreed to cancel the sale.

34.    Defendants therefore have been unjustly enriched to the detriment of Plaintiff.

35.    Accordingly, Plaintiff is entitled to a judgment in its favor for the full amount by which Defendants have been unjustly enriched, in an amount to be determined at trial but in any event no less than $190,833.

4

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter a Judgment awarding

(i) compensatory damages; (ii) punitive damages; and (iii) any other and further relief as the Court

may deem just and proper.

Dated: November 2, 2022
       New York, New York

                     **GROSSMAN LLP**

By: _____
           Judd B. Grossman, Esq.
           Webster D. McBride, Esq.
           Maria Angela Brusco, Esq.
           745 Fifth Avenue, 5th Floor
           New York, New York  10151
           Telephone:  (646) 770-7445
           Facsimile:  (646) 417-7997

           *Attorneys for Plaintiff*