**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**CHRISTINE P. O'HEARN**
UNITED STATES DISTRICT JUDGE

MITCHELL H. COHEN BUILDING &
U.S. COURTHOUSE
4TH & COOPER STREETS
ROOM 6050
CAMDEN, NJ 08101
856-757-5167

November 21, 2023

VIA CM/ECF
Judd B. Grossman, Esq.
Webster D. McBride, Esq.
GROSSMAN LLP
745 Fifth Avenue, 5th Floor
New York, New York, 10151

**LETTER ORDER**

Re:   **Artwide International H.K. Limited v. Andrew Foster and Genesis 8
       Holdings LLC
       Civil Action No. 22-6417**

Dear Counsel:

This matter comes before the Court on a motion for default judgment pursuant to Federal
Rule of Civil Procedure 55(b)(2), by Plaintiff Artwide International H.K. Limited ("Plaintiff")
against Defendants Andrew Foster and Genesis 8 Holdings LLC ("Genesis 8") (collectively,
"Defendants"). (ECF No. 11). The motion is unopposed. The Court did not hear oral argument
pursuant to Local Rule 78.1. For the reasons that follow, Plaintiff's Motion is **GRANTED** in part
and **DENIED** in part.

## I.    BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an international art trading platform focused on buying and selling paintings,
sculptures, works on paper, prints, and photographs. (ECF No. 1 at ¶ 9). On March 31, 2022,
Plaintiff, on behalf of a third-party buyer, agreed to purchase a painting from Defendant Genesis
8, who were brokering the sale on behalf of a third-party owner, for $133,333. (ECF No. 1 at ¶
10). The agreement did not have a payment deadline, and Defendants demanded full payment
immediately or else the sale would be cancelled. (ECF No. 1 at ¶ 11). After requesting time to
arrange for full payment, Plaintiff submitted an advance of $107,500 to secure the deal, confirming
with Defendants that this would satisfy the third-party owner. (ECF No. 1 at ¶ 12). On April 15,
2023, Plaintiff made the remaining payment, but inadvertently paid the full purchase price of
$133,333 in addition to the advance it had already paid. (ECF No. 1 at ¶ 13).

Defendant Genesis 8 never delivered the painting to Plaintiff, and instead sent a "Non-
resell Agreement" demanding Plaintiff sign it, or Defendant Genesis 8 would not release the
painting. (ECF No. 1 at ¶¶ 14–15). Plaintiff canceled the sale, and Defendant Genesis 8 agreed to

issue a full refund. (ECF No. 1 at ¶ 18). However, Defendant Genesis 8 has reimbursed only $50,000 out of the $240,833 it received from Plaintiff. (ECF No. 1 at ¶ 20).

On November 2, 2022, Plaintiff filed a Complaint seeking to recover the remaining $190,833 and alleging Conversion (Count I) and Unjust Enrichment (Count II). (ECF No. 1, Ex. A at ¶¶ 21, 29, 35). After multiple attempts to serve Defendants, Plaintiff moved to effect service by alternate means, specifically by certified mail and email. (ECF No. 6). On March 3, 2023, the Court granted Plaintiff's motion. (ECF No. 7). Thereafter, Plaintiff effected service of process on Defendants by April 12, 2023. (ECF No. 1, Ex. B at ¶ 7). On May 25, 2023, the Court entered default judgment for Defendants' failure to plead or otherwise defend. (ECF No. 1, Ex. D). On May 30, 2023, Plaintiff filed the present Motion for Default Judgment seeking judgment in the amount of $190,833 in compensatory damages, plus prejudgment interest running from no later than April 29, 2022, and punitive damages in the amount of $954,165, plus post judgment interest. (ECF No. 11).

## II.     LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 55(a), a plaintiff may request an entry of default by the clerk of court as to "a party against whom a judgment for affirmative relief is sought [who] has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" FED. R. CIV. P. 55(a). Once a default has been entered, the plaintiff may then seek the entry of a default *judgment*—either by the clerk or the court itself—under Rule 55(b). FED. R. CIV. P. 55(b).

A party is not entitled to a default judgment as of right; "the entry of such a judgment is left primarily to the discretion of the district court." *DirecTV, Inc. v. Asher*, No. 03-01969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing *Hritz v. Woma*, 732 F.2d 1178, 1180 (3d Cir. 1984)). Because default judgments prevent the resolution of claims on their merits, courts generally "do[ ] not favor entry of defaults and default judgments." *United States v. Thompson*, No. 16-00857, 2017 WL 3634096, at *1 (D.N.J. July 20, 2017) (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984)). When considering a motion for default judgment, "[a] defendant is deemed to have admitted the factual allegations of the Complaint . . . except those factual allegations related to the amount of damages." *DirecTV*, 2006 WL 680533, at *1 (citing 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. § 2688, at 58–59 (3d ed. 1998)). In contrast, "the Court need not accept the moving party's legal conclusions, because even after default it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Id.* (citing Wright, Miller & Kane, *supra*, § 2688, at 63).

Through this lens, the court must: "1) determine it has jurisdiction both over the subject matter and parties; 2) determine whether defendants have been properly served; 3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and 4) determine whether the plaintiff has proved damages." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008). If these factors weigh in a plaintiff's favor, the court may grant default judgment.

### III.   MOTION FOR DEFAULT JUDGMENT

#### A.  Jurisdiction and Service

This Court has jurisdiction under 28 U.S.C. § 1332(a)(2) because there is complete diversity of citizenship and the amount in controversy exceeds $75,000. As for service, Plaintiff attempted to personally serve Defendants, but to no avail. As such, Plaintiff filed a motion to effect service by alternate means which was granted in part and denied in part and permitted to serve Defendants by mail at Defendant Foster's father's address and by email, and Defendant Genesis 8's by mail at its principal place of business as provided by New Jersey Rules of Court 4:4-4. (ECF Nos. 6, 7).

Plaintiff complied with the Rule and simultaneously served Defendants by certified and ordinary mail and also served Defendant Foster via email. (ECF No. 12). As stated in the Affidavit of Service, Defendants refused the certified mailing. However, Defendants' refusal to accept the mailing did not render the service defective. *See* N.J. Ct. R. 4:4-3(a). Indeed, "[t]he party making service may, at the party's option, make service simultaneously by registered or certified mail and ordinary mail, and if the addressee refuses to claim or accept delivery of registered mail and if the ordinary mailing is not returned, the simultaneous mailing shall constitute effective service." *Id*. Thus, Plaintiff has demonstrated that it properly effectuated service by mail upon Defendants. As such, the Court has jurisdiction over the matter and the parties.

#### B.  Liability and Appropriateness of Default Judgment

Here, Plaintiff raises two claims: (1) conversion and (2) unjust enrichment. (ECF No. 1). Turning first to the appropriateness of an entry of default judgment, courts must consider the following three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

As an initial matter, Defendant Foster appears nowhere in the invoices. Indeed, all the invoices are between Plaintiff and Genesis 8 only. Plaintiff sets forth no factual or legal basis for individual liability upon Defendant Foster in the Complaint other than stating in paragraph five, "Defendant Andrew Foster is an individual residing in Willingboro, New Jersey, and the sole member and employee of Genesis 8." (ECF No. 1). Generally, to impose individual liability, Plaintiff must provide a basis to pierce the corporate veil, which it has not done here. *Trs. Nat'l Elevator Indus. Pension, Health Benefit & Educ. Funds v. Lutyk*, 332 F.3d 188, 192 (3d Cir. 2003); *see also State Cap. Title & Abstract Co. v. Pappas Bus. Servs., LLC*, 646 F. Supp. 2d 668, 679 n.5 (D.N.J. 2009). There is also no factual or legal basis for individual liability upon Defendant Foster set forth in this Motion. Thus, any relief sought as to Defendant Foster is denied without prejudice.

As to Defendant Genesis 8, based on the allegations in the Complaint, it does not appear to have a meritorious defense as Plaintiff has provided evidence that it transferred funds in the amount of $240,833 to Defendant Genesis 8 but received only $50,000 in reimbursements. (ECF

No. 1, Exs. B, C, D). Second, Plaintiff will suffer in the absence of the entry of default judgment as Defendant Genesis 8 has not fully reimbursed Plaintiff. Finally, Defendant Genesis 8 acted culpably in its actions prompting the filing of the Complaint and has failed to appear in this litigation. The entry of default judgment in this case is therefore appropriate.

### 1. CONVERSION (COUNT I)

To prove a claim for conversion, Plaintiff must show: "(1) that the property and right to immediate possession thereof belong to the plaintiff and (2) the wrongful act of interference with that right by the defendant." *Reddy v. Patel*, No. 16-8256, 2017 WL 1709595, at *4 (D.N.J. May 1, 2017) (quoting *Latef v. Cicenia*, No. 5747-13, 2015 WL 10458543, at *5 (N.J. App. Div. Mar. 14, 2016)).

Here, Plaintiff maintains that it advanced the sum of $107,500 to Defendant Genesis 8 for the specific purpose of securing the sale of the painting. (ECF No. 1 at ¶ 23). Additionally, Plaintiff paid Defendant Genesis 8 the additional sum of $133,333 for the specific purpose of purchasing the painting. (ECF No. 1 at ¶ 24). Plaintiff rightfully argues that these payments created obligations on Defendant Genesis 8's part to treat the funds in the specified manner or to return the funds. (ECF No. 1 at ¶ 25). Upon cancelling the sale of the painting, Defendant Genesis 8 became obligated to return those funds. (ECF No. 1 at ¶ 26). Plaintiff contends that Defendant Genesis 8 has returned only $50,000 of those funds, and thus Defendant Genesis 8 has exercised unauthorized dominion over the $190,833 balance to the exclusion of Plaintiff's rights and is liable for conversion. (ECF No. 1 at ¶¶ 27, 29). There is no question here that Defendant Genesis 8 was obligated to return the funds to Plaintiff. Thus, Plaintiff has sufficiently established that Defendant Genesis 8 is liable on this count.

### 2. UNJUST ENRICHMENT (COUNT II)

To establish unjust enrichment, a plaintiff must show both that "(1) defendant received a benefit and (2) that retention of that benefit without payment would be unjust." *VRG Corp. v. GKN Realty Corp.*, 641 A.2d 519, 526 (N.J. 1994); *see also Red Hawk Fire & Sec., LLC v. Siemens Indus. Inc.,* 449 F. Supp. 3d 449, 464 (D.N.J. 2020) ("The doctrine of unjust enrichment rests on the equitable principle that a person shall not be allowed to enrich himself at the expense of another."). "Retention is unjust when the plaintiff expects payment for the service, or the defendant retains a benefit at the expense of the plaintiff." *Maersk Line v. TJM Int'l Ltd. Liab. Co.,* 427 F. Supp. 3d 528, 535 (D.N.J. 2019).

Here, Plaintiff contends that Defendant Genesis 8 was enriched in an amount no less than $190,833 in unreturned funds that they received in connection with the now-canceled sale of the painting. (ECF No. 1 at ¶ 31). Further, Plaintiff maintains that it would be unjust to permit Defendant Genesis 8 to retain the $190,833 that it received and failed to repay in connection with the cancelled sale of the painting. (ECF No. 1 at ¶ 33). Here, there is no question that Defendant Genesis 8 has received a benefit, at Plaintiff's expense, and the retention of the benefit would be unjust. Thus, Plaintiff has sufficiently established that Defendant Genesis 8 is liable on this count.

### C. Damages

Plaintiff requests compensatory damages in the amount of $190,833 and punitive damages in the amount of $954,165. (ECF No. 11). Plaintiff also seeks prejudgment and post judgment interest. (ECF No. 11).

As this Court has previously explained, it is invoices "that would evidence the damages Defendant owes sufficient for the Court to ascertain the appropriate amount of damages and the entry of default judgment." *Kitchen & Assocs. Servs., Inc. v. Haven Campus Communities*, No. 19-10995, 2022 WL 15443746, at *4 (D.N.J. Oct. 27, 2022). And here, Plaintiff has provided the proper supporting documentary evidence in the form of an invoice, a transfer confirmation reflecting payment of the advance, a transaction reference reflecting the full purchase price, and a statement reflecting Defendant Genesis 8's partial reimbursement. (ECF No. 1, Exs. A, B, C, D). This factual evidence shows that Plaintiff is entitled to recover $190,833. Thus, judgment shall be entered against Defendant Genesis 8 in the amount of $190,833.

Turning to punitive damages, here, both claims appear to sound in tort whereby punitive damages are potentially recoverable. *See Cafaro v. HMC*, No. 07-2793, 2008 WL 4224805, at *6 (D.N.J. Sept. 8, 2008). However, Plaintiff has not made the requisite factual showing to award punitive damages. "To recover punitive damages, the plaintiff must demonstrate by clear and convincing evidence, that the harm suffered was the result of the defendant's acts or omissions, and such acts or omissions were actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions." N.J.S.A. § 2A:15–5.10. The New Jersey Punitive Damages Act ("NJPDA") defines actual malice as "an intentional wrongdoing in the sense of an evil-minded act." *Id*. And mere negligence is insufficient to prove a claim for punitive damages. *Vibra-Tech Engineers, Inc. v. Kavalek*, 849 F. Supp. 2d 462, 499–500 (D.N.J. 2012) (citation omitted).

Additionally, the NJPDA provides a list of factors that must be considered in determining whether punitive damages should be granted, including: "(1) [t]he likelihood, at the relevant time, that serious harm would arise from the defendant's conduct; (2) [t]he defendant's awareness or reckless disregard of the likelihood that the serious harm at issue would arise from the defendant's conduct; (3) [t]he conduct of the defendant upon learning that its initial conduct would likely cause harm; and (4) [t]he duration of the conduct or any concealment of it by the defendant." N.J.S.A. § 2A:15–5.12. Yet, "[p]unitive damages are a limited remedy and must be reserved for cases in which the defendant's conduct amounts to something more than a bare violation justifying compensatory damages." *Stanhope v. Bank of Am., N.A.*, No. 16-02040, 2016 WL 6645770, at *5 (D.N.J. Nov. 9, 2016) (citation and internal quotation marks omitted).

Here, Plaintiff maintains that Defendant Genesis 8 has provided no justification for its actions, has already essentially acknowledged fault by providing a partial reimbursement, and alleges that the conversion of the remaining monies has funded Defendant Foster's "lavish lifestyle." (Pla. Br., ECF No. 11 at 13). These allegations alone are insufficient to establish by clear and convincing evidence that Defendant Genesis 8's actions were motivated by actual malice. Indeed, this Court has denied a request for punitive damages in cases where "the allegations

describe the unfortunate but typical scenario of a trusting individual exploited and swindled out of a significant amount of money by a con man" explaining that "[t]hese allegations do not . . . rise to the level of actual malice or wanton and willful disregard. . . ." *Son v. Kim*, No. 19-21411, 2021 WL 4237241, at \*3 (D.N.J. Sept. 16, 2021) (Martini, J.). This is unlike other cases where evidence of fraud was apparent and in which the Court has awarded punitive damages. *See e.g., Stanhope*, 2016 WL 6645770, \*5 (awarding punitive damages in motion for default judgment where plaintiff was defrauded by defendants, his own parents, out of settlement funds from an accident that rendered him paralyzed and blind). For these reasons, Plaintiff's request for punitive damages is denied without prejudice.

Turning to prejudgment interest, under New Jersey law, a "district court may exercise [its] discretion [to award prejudgment interest] upon 'considerations of fairness' and prejudgment interest may be denied 'when its exaction would be inequitable.'" *Interpool, Inc. v. Four Horsemen, Inc.*, No. 16-2490, 2017 WL 1284766, at \*4 (D.N.J. Mar. 24, 2017) (quoting *Thabault v. Chait*, 541 F.3d 512, 533 (3d Cir. 2008)). Indeed, under New Jersey Rules of Court 4:42-11(b), in tort actions, "the court shall . . . include in the judgment simple interest, calculated . . . from the date of the institution of the action or from a date 6 months after the date the cause of action arises, whichever is later, provided that in exceptional cases the court may suspend the running of such prejudgment interest." In this matter, prejudgment interest is appropriate as it is easily determinable.

As for post judgment interest, in New Jersey, "[a]s a matter of historical practice, post judgment interest is routinely awarded." *Daybreak Exp., Inc. v. VMG Inv. & Devs. Co.*, No. 11-2527, 2013 WL 272062, at \*1 (D.N.J. Jan. 24, 2013) (quoting *Marko v. Zurich North American Ins. Co.,* 902 A.2d 292, 294 (N.J. App. Div. 2006)). Here, post judgment interest will be awarded and "interest on an unpaid federal judgment will accrue in the future pursuant to 28 U.S.C. § 1961 at the federal post judgment interest rate prevailing when the judgment was entered." *Interpool*, 2017 WL 1284766, at \*5.

## IV.    CONCLUSION

Therefore, for the reasons expressed above, it is ordered that Plaintiff's Motion for Default Judgment is **GRANTED** in part and **DENIED** in part. (ECF No. 11). Specifically, judgment shall be entered against Defendant Genesis 8 Holdings LLC in the amount of $190,833 along with prejudgment and post judgment interest. It is also **ORDERED** that Plaintiff shall submit an affidavit which establishes the amount of prejudgment interest and a proposed order in accordance with New Jersey Rules of Court 4:42-11 within fourteen (14) days of this Order.

**SO ORDERED**.

*/s/ Christine P. O'Hearn*
**CHRISTINE P. O'HEARN**
**UNITED STATES DISTRICT JUDGE**