**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ARTWIDE INTERNATIONAL H.K. LIMITED,<br><br>　　　　　　　*Plaintiff*,<br><br>　　　　-against-<br><br>ANDREW FOSTER and GENESIS 8 HOLDINGS LLC,<br><br>　　　　　　　*Defendants*. | Case No. 1:22-cv-06417 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION**
**FOR CONTEMPT CONFERENCE, FOR SANCTIONS, AND TO COMPEL**

**GROSSMAN LLP**

Judd B. Grossman, Esq.
745 Fifth Avenue, 5th Floor
New York, New York  10151
Telephone: (646) 770-7445
Fax: (646) 417-7997
jgrossman@grossmanllp.com

*Attorneys for Plaintiff*

Defendant Andrew Foster is a crook.  He used a shell company—Defendant and Judgment-Debtor Genesis 8—to steal almost $200,000 from Plaintiff, and then he disappeared.  Plaintiff filed this lawsuit and obtained a Judgment against Mr. Foster's company.  Rather than respond in any way to the Complaint, to Plaintiff's motions, to Plaintiff's routine post-judgment discovery requests, or to any other aspect of this lawsuit, however, Mr. Foster is instead spending Plaintiff's money at luxury resorts overseas:



Mr. Foster does this while thumbing his nose at the Court, simply "refusing" to accept service of legal documents in an effort to evade paying the Judgment this Court entered against his alter ego.  The Court should not tolerate this.  The Court should order Mr. Foster to appear, in person, and explain his failure to engage with this case.  And if he does not, the Court should hold him in contempt.

*    *    *

As detailed in Plaintiff's earlier filings (*see generally* Dkt. No. 1), Plaintiff agreed to buy an artwork from Mr. Foster and his alter ego Genesis 8, who were brokering the sale on behalf of a third-party owner. After Mr. Foster falsely claimed that the owner had demanded immediate payment, Plaintiff promptly paid the purchase price in full. After receiving payment, but before delivering the artwork, Mr. Foster unilaterally sought to introduce never-bargained-for resale restrictions on Plaintiff. Plaintiff refused, and the parties agreed to unwind the sale. But Mr. Foster returned only a fraction of the amount due to Plaintiff before absconding with the nearly-$200,000 balance of the purchase price.

Plaintiff filed suit, but Mr. Foster avoided service of process. (*See, e.g.*, Dkt. No. 6-2.) After this Court granted Plaintiff leave to serve Defendants by alternate means (Dkt. No. 7), Plaintiff effected service (Dkt. Nos. 9-1, 9-2); Mr. Foster then failed to enter an appearance, serve an answer, or otherwise respond to the Complaint. Plaintiff then moved, unopposed, for default judgment (Dkt. No. 10), which the Court granted on all claims against Genesis 8 (the "Judgment," Dkt. No. 19). As against Mr. Foster, the Court held that Plaintiff had not yet established a basis for piercing the corporate veil and therefore denied Plaintiff's motion without prejudice. (Dkt. No. 19 at 3.)

In December 2023, Plaintiff served routine post-judgment discovery demands (Dkt. Nos. 22-1–22-4) on Defendants to enforce the Judgment and obtain the discovery needed to prosecute its outstanding claim against Mr. Foster individually. (*See* McBride Decl. ¶ 2.) Plaintiff served these demands both via process server and via the methods prescribed by the Court in its order permitting alternate service. (*Id.*) Plaintiff also served a subpoena *duces tecum* (the "Subpoena," Dkt. No. 22-5 at 6–15) on non-party Abraham Foster, Mr. Foster's father, who lives at Genesis 8's registered address, via process server. (*See* McBride Decl. ¶ 3.)

2

Mr. Foster and his father completely failed to object or respond, to produce a single document, to appear for any deposition, or to offer any excuse for their noncompliance. (*See* McBride Decl. ¶¶ 4–6.) And each of the four packages of documents mailed to Defendants was returned to Plaintiff's counsel's office bearing a sticker indicating that it had been "REFUSED." (*Id.* ¶ 7; *see* Dkt. No. 22 ¶¶ 4–6 ("Our systems show that your item was refused by the addressee at 10:04 am on December 18, 2023, in Willingboro, New Jersey 08046 and is being returned.").)

\* \* \*

The Court should enter an Order directing Mr. Foster and his father to appear before the Court to explain their complete disregard of their basic discovery obligations—not to mention the Court's authority—on threat of being held in civil contempt. In addition, the Court should render default judgment against Mr. Foster for failing to attend his party deposition and order his father to comply with the Subpoena within 30 days.

1. Mr. Foster's ongoing noncompliance undermines the Court's authority and its ability to adjudicate disputes efficiently and fairly. And his repeated disregard of process—to the point of "refus[ing]" mail and running away to a luxury hotel in Dubai—deprives Plaintiff of relevant evidence needed to prove its case. Plaintiff has done everything in its power to hold Mr. Foster accountable and recover its loss—but has reached the limits of what it can do without the Court's assistance.

Accordingly, the Court should order Mr. Foster to appear before the Court in person to explain why he has not complied with Plaintiff's discovery requests or responded in any way to this lawsuit. And if Mr. Foster refuses to appear, the Court should hold Mr. Foster in contempt. "Civil contempt is designed to force the contemnor to comply with an order of the court." *Willy v. Coastal Corp.*, 503 U.S. 131, 139 (1992). A federal court has the power to punish contemnors by fine—or even by imprisonment—at its discretion. *United States v. Baker Funeral Home, Ltd.*,

3

196 F. Supp. 3d 530, 548 (E.D. Pa. 2016). If the Court orders Mr. Foster to appear and he knowingly fails to do so, civil contempt would be appropriate. *See, e.g.*, *800 Cooper Fin., LLC v. Liu*, No. CV 16-736 (JHR/SAK), 2022 WL 17486344, at \*4 (D.N.J. Dec. 7, 2022).

2.      The Court should render default judgment against Mr. Foster under Rule 37 of the Federal Rules of Civil Procedure for failing to attend his party deposition and failing to produce any documents in response to routine post-judgment discovery requests. Fed. R. Civ. P. 37(d)(1)(A), (d)(3). Default is squarely justified. Where the Court has already ruled in Plaintiff's favor on the merits of Plaintiff's claim on all but one element as to Mr. Foster, the Court should not allow Mr. Foster's willful refusal to participate in this litigation to serve as a roadblock preventing Plaintiff from proving that last remaining element. *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (setting forth factors); *see also Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir. 2013). Moreover, there is no effective alternative sanction here; where Mr. Foster has simply ignored (and/or "refused") every prior directive from the Court, he gives the Court no reason to expect he would comply with any lesser Order this time around. *But see Baker Funeral Home, Ltd.*, 196 F. Supp. 3d at 548 (noting that the Court has the power to imprison a person held in contempt of Court).

3.      The Court should compel Mr. Foster's father to promptly comply with the Subpoena, which seeks reasonable, crucial—and routine—post-judgment discovery, and which he too has simply ignored. *See* Fed. R. Civ. P. 45; *Highland Tank & Mfg. Co. v. PS Int'l, Inc.*, 227 F.R.D. 374, 380 (W.D. Pa. 2005); *Pension Benefit Guar. Corp. v. Com. Investigation & Adjustment Co.*, No. CV233097RKRLS, 2023 WL 8718115 (D.N.J. Dec. 18, 2023) (granting motion to compel and giving recipient 30 days to produce documents).

The Court should also order Mr. Foster's father to appear before the Court alongside his son and explain his failure to respond to the Subpoena, including whether he has been following his son's direction in responding to the various court documents brought to his door.  And if Mr. Foster's father were to disobey such an Order to appear before the Court, an order of contempt would be appropriate against him as well.  *See, e.g.*, *Roe v. Operation Rescue*, 919 F.2d 857, 871 (3d Cir. 1990) (ruling that civil contempt may be imposed against nonparties who had "actual knowledge of [the] court's order" and disobeyed it or who "aid[ed] and abet[ed] the [person who violated an order] or is legally identified with him"); *see 800 Cooper Fin., LLC v. Liu*, No. CV 16-736 (JHR/SAK), 2022 WL 17486344, at *5 n.9 (D.N.J. Dec. 7, 2022).

*    *    *

With Mr. Foster refusing to participate in this litigation in any way, Plaintiff has reached the limit of what it can achieve in moving this case forward without assistance from the Court. Accordingly, Plaintiff respectfully requests that the Court (i) order Defendants and nonparty Abraham Foster to appear before the Court on threat of contempt; (ii) render a default judgment against Defendant Andrew Foster; and (iii) order nonparty Abraham Foster to produce documents responsive to the Subpoena within 30 days of the Court's Order.

Dated: May 3, 2024
     New York, New York

**GROSSMAN LLP**

By: _____
    Judd B. Grossman, Esq.
    745 Fifth Avenue, 5th Floor
    New York, New York  10151
    Telephone: (646) 770-7445
    Fax: (646) 417-7997
    jgrossman@grossmanllp.com

    *Attorneys for Plaintiff*

5