[ECF No. 25]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ARTWIDE INTERNATIONAL H.K. LIMITED,<br><br>**Plaintiff,**<br><br>v.<br><br>ANDREW FOSTER,<br><br>**Defendant.** | Civil No. 22-6417 (CPO/EAP) |

## ORDER

This matter having come before the Court on Plaintiff's motion to compel responses to post-judgment discovery, for sanctions, and for a contempt hearing as to Defendant Andrew Foster, Defendant Genesis 8 Holdings LLC, and non-party Abraham Foster, *see* ECF No. 25;[1] and the Court having reviewed Plaintiff's submissions;[2] and the Court having held a show-cause hearing on the record; and the Court noting the following appearances: **Webster D. McBride, Esquire**, appearing on behalf of Plaintiff; and for the reasons stated on the record and for good cause shown,

---

[1] On November 29, 2024, the Court entered a default judgment against Defendant Gensis 8 Holdings LLC.  *See* ECF No. 19.  Since then, and pursuant to Rule 69(a)(2), Plaintiff has issued multiple discovery requests on the judgment debtor, Genesis 8 Holdings; Genesis 8 Holding LLC's sole member, Defendant Andrew Foster; and non-party Abraham Foster, who is the father of Defendant Andrew Foster.  *See* ECF No. 26 at 2.

[2] The Court has reviewed several filings that are relevant to the disposition of the present motion, including: (1) Affidavit of Service on Abraham Foster, *see* ECF No. 21; (2) Affidavit of Webster D. McBride, Esquire, *see* ECF No. 22; (3) Plaintiff's Notice of Motion, *see* ECF No. 25; (4) Plaintiff's Memorandum in support of his motion, *see* ECF No. 26; and (5) Declaration of Webster D. McBride, Esquire in support of Plaintiff's motion, *see* ECF No. 27.

**IT IS** this **27th** day of **June 2024**, hereby **ORDERED**:

1. Plaintiff's motion is **GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE**.

2. The Court **GRANTS** the motion to compel responses to the following:

   a. Plaintiff's first set of document requests to Defendant Andrew Foster, *see* ECF No. 22-1;

   b. Plaintiff's first set of document requests to Defendant Genesis 8 Holdings LLC, *see* ECF 22-2;

   c. The deposition of Defendant Andrew Foster, *see* ECF No. 22-3;

   d. The deposition of a designated representative of Defendant Genesis 8 Holdings LLC, *see* ECF No. 22-4; and

   e. Enforcement of the subpoena *duces tecum* personally served on non-party Abraham Foster, *see* ECF No. 22-5.[3]

---

[3] The Court finds that the requests, notices, and subpoenas listed are enforceable and properly served under the applicable Rules. To begin, the document requests directed to parties Andrew Foster and Genesis 8 Holdings LLC are proper. *See* Fed. R. Civ. P. 34(a). In addition, the Court finds that the scope of the requests is appropriate under Rule 26(b)(1), and that the requests adequately describe the materials sought, the time and place of production, and the form of production. *See* Fed. R. Civ. P. 34(b)(1).

Rule 45 governs service of subpoenas seeking the production of documents from non-parties, such as Abraham Foster. *See* Fed. R. Civ. P. 34(c); *Trs. of Int'l Union of Painters and Allied Trades Distr. Couns. 711 Health & Welfare Fund v. Newage Painting Corp.*, No. 17-08032, 2021 WL 1108681, at *1 (D.N.J. Mar. 23, 2021) (citations omitted) (analyzing post-judgment discovery requests for documents from a non-party under Rule 45(a)). Under that Rule, a subpoena is enforceable only if it contains the requisite information, is appropriate in scope, and has been served personally. *See* Fed. R. Civ. P. 45; *see also Farley-Skinner v. Adventure Aquarium, LLC*, No. 17-4797, 2018 WL 3647209, at *2 (D.N.J. Aug. 1, 2018) (analyzing the personal service requirement under Rule 45(b)). Importantly, Plaintiff has submitted an affidavit reflecting that the subpoena *duces tecum* was served personally on Abraham Foster. *See* ECF No. 21. Accordingly, the Court finds that the subpoena *duces tecum* is enforceable against Abraham Foster.

Finally, the Court finds that the deposition notices are proper. Individuals properly joined as defendants to an action may be compelled to give testimony pursuant to a deposition notice under Rule 30(b)(1). *In re: Benicar (Olmesartan) Prods. Liab. Litig.*, No. 15-2606, 2016 WL 5817262, at *3 (D.N.J. Oct. 4, 2016) (citations omitted). Likewise, organizations properly joined to an action (such as Genesis 8 Holdings LLC) are subject to deposition by notice under Rule 30(b)(6). Fed. R. Civ. P. 30(b)(6) (explaining both a notice and subpoena procedure to procure testimony and specifying that "[a] subpoena must advice a nonparty organization of its duty to confer with the serving party and to designate each person who will testify"). Accordingly, the

3. No later than **July 15, 2024**, Defendant Genesis 8 Holdings LLC shall respond to Plaintiff's document requests and subpoena *duces tecum*.

4. Defendants Andrew Foster and Genesis 8 Holdings LLC shall appear for their respective depositions on a date and location to be designated by Plaintiff's counsel, but no later than **July 15, 2024**.

5. Plaintiff's request for entry of a default judgment against Defendant Andrew Foster and for an award of punitive damages against Defendant Genesis 8 Holdings, LLC is **DENIED WITHOUT PREJUDICE**. Plaintiff may renew these requests by filing an appropriate motion before the Hon. Christine P. O'Hearn, U.S.D.J.

6. Plaintiff's request for contempt sanctions against Defendant Andrew Foster and non-party Abraham Foster is **DENIED WITHOUT PREJUDICE**.

**THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN IMPOSITION OF SANCTIONS UNDER FED. R. CIV. P. 16(f).**

                                                    s/Elizabeth A. Pascal
                                                    ELIZABETH A. PASCAL
                                                    United States Magistrate Judge

cc: Hon. Christine P. O'Hearn, U.S.D.J.

---

Court finds that the notice procedure was proper under these circumstances. Additionally, the notices provided all required information, including the deponent's name and address, as well as the date, time, and place of the deposition. *See* Fed. R. Civ. P. 30(b)(1).