

GROSSMAN LLP
ATTORNEYS AT LAW

745 Fifth Avenue, 5th Floor, New York, NY 10151
T. 646-770-7445   F. 646-417-7997

GROSSMANLLP.COM

Writer's Direct Dial No.
(646) 770-7445

Writer's Email Address
jgrossman@grossmanllp.com

April 3, 2025

**VIA ECF**

Honorable Christine P. O'Hearn
United States District Judge for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Room 6050
Camden, New Jersey  08101

> Re:  *Artwide International H.K. Limited v. Foster et al.,*
>      Case 1:22-cv-06417 (CPO) (EAP)

Dear Judge O'Hearn,

We write on Plaintiff's behalf under the Court's March 24, 2025, Order (ECF 42) to advise the Court of the status of the case and the post-judgment discovery that remains outstanding.  In short, the status of the case has remained unchanged since the Court's entry of the November 29, 2023, Judgment.  Defendants have continued to completely refuse to participate in these proceedings; they have blatantly disobeyed the Court's numerous Orders; and they have evaded their obligations concerning the Judgment, including their total failure to provide any post-judgment discovery.

Following entry of the Judgment, Plaintiff served Defendants with routine post-judgment discovery demands.  (*See* ECF 22 ¶¶ 1–3, 39.)  Defendants never responded.  (*See id*. ¶¶ 4, 5.) Eventually, on May 3, 2024, Plaintiff filed a motion seeking to hold Defendants in contempt and for sanctions.  (*See* ECF 41; ECF 25–28.)  On June 4, 2024, Magistrate Judge Elizabeth A. Pascal issued an Order to Show Cause ordering Defendants and the father of Defendant Andrew Foster (collectively, the "Foster Parties") to demonstrate why sanctions should not be imposed for their failure to respond to Plaintiff's discovery requests.  (*See* ECF 30.)

Magistrate Judge Pascal convened two hearings, on June 27 and July 30, 2024.  (*See* ECF 30 and 37.)  The Foster Parties failed to appear at both hearings.  (*See* ECF 35 and 40.)  At the conclusion of the July hearing, Magistrate Judge Pascal stated that the court would issue a report and recommendation to this Court to grant the requested relief in light of the Foster Parties' continued contempt, including the possibility of issuing a bench warrant for Defendant Andrew Foster's arrest.  Eight months later, on March 4, 2025, this Court ordered the Foster Parties to file a written response by March 17, 2025, showing why contempt sanctions should not be imposed. (*See* ECF 41.)  They defied that Order as well.  (*See* ECF 42.)

Hon. Christine P. O'Hearn
April 3, 2025
Page 2 of 2

Rendering even more egregious this contemptuous conduct, throughout these proceedings, while this Court and Plaintiff have expended resources trying to locate Defendants and then in aid of enforcing the Judgment, Defendants have continued to publicly flaunt their wealth. For example, in late 2022 and early 2023, while Plaintiff was attempting to serve the Complaint, Defendant Andrew Foster was posting photographs to his Instagram account taken from an upscale restaurant and a cigar bar in New York City. (*See* ECF 6-1, at 4.)  Then, in September 2023, while Plaintiff's default-judgment motion was pending, Mr. Foster participated in a high-stakes, high profile poker tournament at the Ocean Casino Resort in Atlantic City. (*See* ECF 16.)  And more recently, following the Court's Judgment and Plaintiff's service of post-judgment discovery, Mr. Foster's Instagram account has continued to feature photographs of private jet interiors, swimming pools and palm trees, gourmet meals in luxury hotel rooms, and the Dubai skyline. (*See* ECF 26, at 1.)  It is hard to conceive of a more blatant showing of contempt.

For these reasons, and the reasons set forth in prior unopposed submissions, Plaintiff respectfully requests that the Court finally hold the Foster Parties in contempt, award monetary sanctions, and issue a bench warrant for Defendant Andrew Foster's arrest until they comply with the Court's Orders.

Respectfully submitted,

Judd B. Grossman

2