**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ARTWIDE INTERNATIONAL H.K. LIMITED,<br><br>                    *Plaintiff*,<br><br>         -against-<br><br>ANDREW FOSTER and GENESIS 8 HOLDINGS LLC,<br><br>                    *Defendants*. | Case No. 1:22-cv-06417 |

**DECLARATION OF JUDD B. GROSSMAN, ESQ. IN SUPPORT OF**
**PLAINTIFF'S APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS**

JUDD B. GROSSMAN, an attorney duly admitted to practice before this Court, hereby declares under penalty of perjury as follows:

1.      I am managing partner of the law firm Grossman LLP (Firm), counsel for Plaintiff Artwide International H.K. Limited.

2.      I respectfully submit this Affirmation under the Court's August 6, 2025, Order (Doc. No. 50) directing Plaintiff to "submit attorney billing records detailing the hourly rate paid and the amount of time spent on each relevant task, along with bills from each of the third-party process servers that it seeks to recover."

3.      As summarized below, the Firm has expended a combined total of $109,821.03 in billable hours and disbursements on Judgment-enforcement efforts in this matter.  Of this amount, Plaintiff has paid the Firm a total of $62,377.72.

4.      In light of Defendants' ongoing willful disregard for the judicial system, as reflected in the Court's order of contempt (Doc. 50 at 2), Plaintiff has respectfully requested that

the Court sanction Defendants by applying a multiplier of two to Plaintiff's incurred and paid fees and costs, for a total award of $124,755.44.[1]

5.      Attached as Exhibit A is a chart tabulating attorneys' fees corresponding to the Firm's Judgment-enforcement efforts, broken out by timekeeper, totaling $107,197.00.

6.      The hourly rates listed for each timekeeper in Exhibit A are the standard rates that the Firm charges our clients for legal work involving similar matters.[2]

7.      Attached as Exhibit B are the Firm's timekeeping records for attorney work expended on the Firm's Judgment-enforcement efforts in this matter.

8.      Following graduation from the University of Pennsylvania School of Law. I served as a law clerk for a two-year term (2004–06) for the Honorable Jerome B. Simandle of this District

---

[1] *See Ne. Women's Ctr., Inc. v. McMonagle*, 939 F.2d 57, 70 (3d Cir. 1991) ("[T]he court can also impose a fine payable to an aggrieved party as compensation for damages sustained as a result of the contemnor's conduct."); *Axact (PVT), Ltd. v. Student Network Res., Inc.*, No. CIV.A. 07-5491 (FLW), 2008 WL 4754907, at *5 (D.N.J. Oct. 22, 2008) (imposing damages exceeding 250 times the compensatory amount, due to the defendant's reckless disregard for its victims); *see also Industria De Alimentos Zenu S.A.S. v. Latinfood U.S. Corp.*, 16-cv-06576 (CCC) (MAH), 2024 WL 4370832, at *2–4 (D.N.J. Oct. 2, 2024) (awarding $193,668.14 in fees and costs where the "[d]efendants engaged in numerous violative discovery tactics" that "protracted the[] proceedings and caused [the p]laintiff to incur otherwise avoidable fees and expenses"); *Edmondson v. Lilliston Ford, Inc.*, No. 13-cv-07704 (RMB) (MJS), 2023 WL 6890843, at *6 (D.N.J. Oct. 19, 2023), *aff'd*, No. 23-2938, 2024 WL 5155557 (3d Cir. Dec. 18, 2024) (granting "over $88,000 in attorneys' fees" following "[judgment-debtor]'s mockery of the judicial system" where "[judgment-creditor] has been unable to recover on its judgment because of [judgment-debtor]'s conduct and has incurred even more expenses and attorneys' fees . . . when [judgment-debtor] refuse[d] to follow this Court's orders").

[2] "The best evidence of the reasonable rate for an attorney's time is the customary billing rate for clients." *Industria De Alimentos Zenu S.A.S.*, 2024 WL 4370832, at *10 (awarding $193,668.14 in fees and costs after finding hourly rates of $590 for an associate, $810 for a counsel, and $995 for a partner reasonable); *accord Laba v. JBO Worldwide Supply Pty Ltd*, 20-cv-03443 (AKH) (KHP), 2023 WL 4985290, at *13 (S.D.N.Y. July 19, 2023), *report and recommendation adopted*, 20-cv-03443 (AKH), 2024 WL 550252 (S.D.N.Y. Feb. 12, 2024), *aff'd*, 24-cv-00558, 2025 WL 323762 (2d Cir. Jan. 29, 2025) (observing that an "attorney's customary billing rate for fee-paying clients is ordinarily the best evidence" of reasonableness; awarding $142,331 in fees after finding attorney hourly rates ranging from $645 to $1250 reasonable).

Court.  Since then, I have been practicing law privately, representing high-net-worth art collectors, art galleries, art advisors, and art-related businesses and institutions in a wide variety of matters, including art-related disputes, securities litigation, and commercial cases, first at O'Melveny & Meyers LLP, and later at this Firm, which I founded over 13-years ago.

9.      For the last six consecutive years, *Chambers and Partners* has recognized me as one of the country's leading Art and Cultural Property Law practitioner.[3]  *ARTnews*, a major arts-news publication, has named me one of the "Top 75 Art Professionals" in the country (one of only 10 attorneys to receive this recognition).[4]  And I am the only art lawyer included in *City & State New York*'s "The 2024 Arts & Culture Power 100."[5]

10.     Since founding the Firm thirteen years ago, I have employed a team of accomplished attorneys, including former federal law clerks who previously worked at Am Law 100 firms.  This includes the two attorneys who performed the majority of the Firm's work on this matter.  Webster McBride, counsel with the Firm, is a graduate of the New York University School of Law, where he served on the Law Review; a former clerk of the Southern District of New York; a former associate at Hughes Hubbard & Reed LLP, where he practiced with the Art Law practice group; and a former member of the Art Law Committee of the New York County Law Association and of the Advisory Board to the Center for Art Law, a nonprofit organization.  Maria Brusco, a former associate of the Firm, is a graduate of Fordham School of Law, where she served on the Law Review; a former clerk of the United States Court of Appeals for the Tenth Circuit; and a former associate with White & Case LLP.

---

[3] https://chambers.com/lawyer/judd-grossman-high-net-worth-21:26014244/

[4] https://www.artnews.com/list/art-news/market/the-top-75-art-professionals-1234683427/

[5] https://www.cityandstateny.com/power-lists/2024/09/2024-arts-culture-power-100/399803/

11.     Following entry of Judgment against Defendants on November 29, 2023, the Firm has expended 146.0 billable hours pursuing enforcement of the Judgment, including: (i) preparing post-judgment discovery demands and third-party subpoenas (14.0 hours); (ii) preparing and serving writs of execution (6.5 hours); (iii) preparing motions for a contempt conference, for sanctions, and to compel, including related legal research (67.0 hours); (iv) preparing for and appearing at various Court conferences (12.1 hours); and (v) preparing court-ordered letters and client certifications concerning case status, damages incurred, and proposed sanctions, including related legal research (46.4 hours).

12.     In addition to attorneys' fees, Plaintiff has incurred and paid third-party expenses for various Judgment-enforcement-related costs, including (i) process server fees ($1,911.80); (ii) costs for service of writs of execution ($601.28); and (iii) mailing expenses ($110.95), altogether totaling $2,624.03.

13.     Attached as Exhibit C are true and correct copies of relevant bills from third-party vendors.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: August 20, 2025
       New York, New York

_____
Judd B. Grossman, Esq.