**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

ARTWIDE INTERNATIONAL H.K.
LIMITED,

      *Plaintiff*,

    v.

ANDREW FOSTER, *et al.*,

      *Defendants*.

No. 22-cv-06417

**ORDER**

---

**THIS MATTER** comes before the Court by way of its previous Order on August 6, 2025, holding Defendants Andrew Foster and Genesis 8 Holdings LLC and nonparty Abraham Foster (collectively, "Defendants") in civil contempt and issuing a bench warrant for the arrest of Andrew and Abraham Foster. (ECF No. 50). That Order adopted the Report and Recommendation of United States Magistrate Judge Elizabeth A. Pascal, (ECF No. 47), which certified findings that the Defendants had repeatedly failed to comply with post-judgment discovery requests and orders of the Court; and

**WHEREAS**, a bench warrant has not yet been executed, and Defendants have failed to purge their contempt;

**IT IS HEREBY** on this 6th day of March, 2026,

**ORDERED** that Defendants Andrew Foster and Genesis 8 Holdings LLC and nonparty Abraham Foster continue to be in **CONTEMPT OF COURT**; and it is further

**ORDERED** that, for the reasons explained in its previous Order, and because the Court sees no other sanctions reasonably calculated to achieve compliance with its orders, the Court **ISSUES** bench warrants for the arrest of Andrew Foster and Abraham Foster. *See Andrews v. Holloway,* 256 F.R.D. 136 (D.N.J. 2009); and it is further

**ORDERED** that Andrew Foster and Abraham Foster shall be arrested and brought before the Court and shall remain civilly confined until they purge their contempt by complying with this Court's orders or demonstrating their present inability to do so; and it is further

**ORDERED** that the United States Marshal's Service ("USMS") shall arrest Andrew Foster and Abraham Foster as soon as reasonably practicable and may execute this warrant anywhere within the United States. In executing the warrants, the USMS and other officers of the United States are authorized to use whatever force is reasonably necessary in order to arrest and restrain the contemnors and may do so at any hour of the day or night and on any day of the week. *See In re Norris*, 192 B.R. 863, 877 (Bankr. W.D. La. 1995), *aff'd*, 114 F.3d 1182 (5th Cir. 1997). Reasonable force may include forced entry into their residence should the contemnors refuse to comply with the USMS's authority pursuant to this arrest warrant; and it is further

**ORDERED** that upon arrest, the USMS shall bring the contemnors before the nearest United States Magistrate Judge for identification and processing, after which they shall be transported to the District of New Jersey and remain in custody until such time as they purge their contempt.

**CHRISTINE P. O'HEARN**
**United States District Judge**

2