GROSSMAN LLP
ATTORNEYS AT LAW

595 Madison Avenue, New York, NY 10022
T. 646-770-7445 F. 646-417-7997
GROSSMANLLP.COM

Writer's Direct Dial No.
(646) 770-7445

Writer's Email Address
wmcbride@grossmanllp.com

October 14, 2026

**VIA ECF**

Honorable Elizabeth A. Pascal
United States Magistrate Judge for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Room 2040
Camden, New Jersey 08101

***Re: Artwide International H.K. Limited v. Foster et al.,***
**Case 1:22-cv-06417 (CPO) (EAP)**

Dear Judge Pascal,

We write on Plaintiff's behalf under the Court's October 7, 2026, Order (Dkt. 70) directing Plaintiff to provide a status update following the Court-ordered deposition of Abraham Foster (Abraham), father of Defendant Andrew Foster (Andrew). Based on the testimony elicited, we intend to proceed with filing a supplemental motion finding Abraham in contempt and adjudging that he (jointly with Andrew) is liable for Plaintiff's attorney's fees incurred attempting to enforce its Judgment (Dkt. 19).

Plaintiff deposed Abraham on September 2, 2026. Abraham's deposition testimony reveals that he willfully ignored numerous subpoenas, discovery demands, and Orders from this Court and in doing so abetted his son's flagrant contemptuous conduct, thereby multiplying the attorneys' fees incurred by Plaintiff in attempting to enforce the Judgment. (*See* Dkt. 51, 53.) Indeed, Abraham confirmed that over the course of three years he ignored multiple subpoenas served personally and "refused" over a dozen mailings he knew to be related to an ongoing litigation involving his son, and that he failed to forward these papers to his son or even to further discuss the matter with his son after an initial conversation in 2022. (*See, e.g.*, Ex. A at 66:18–20, 67:6–22, 69:5–9, 70:2–7, 71:17–22, 96:9–97:3, 97:16–20, 98:22–99:2.)

The Court has already concluded, in its July 21, 2025, Report and Recommendation, that Abraham should be held liable for Plaintiff's attorney's fees incurred in its attempt to enforce its Judgment. (*See* Dkt. 47 at 12 ("[T]he Court recommends that Defendants *and Abraham Foster* be compelled to pay Plaintiff's reasonable attorneys' fees incurred since the imposition of judgment and in connection with Plaintiff's efforts to collect on that judgment." (emphasis added)); *see also id.* at 1, 15.) While Judge O'Hearn subsequently adopted the Court's Report and Recommendation, that Order that was ambiguous as to exactly whether Abraham is also liable for

those fees. (*See* Dkt. 50, at 2.) Especially in light of the newly elicited testimony, Plaintiff intends to request that Judge O'Hearn clarify her prior rulings and Order that Abraham be held liable for Plaintiff's attorney's fees incurred in its attempt to enforce its Judgment.

Respectfully submitted,

Webster D. McBride

Encl.